MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LINDA G DURAN, *individually and on behalf*
*of others similarly situated,*

**COMPLAINT**

Plaintiff,

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

-against-

**ECF Case**

JIR RESTAURANT CORP. (D/B/A
BARRILES RESTAURANT & SPORTS
BAR), IVAN DUQUE, RAUL LOPEZ,
JORGE IVAN FRANCO, LUZ DIONY
RESTREPO, and NATALIA DUQUE,

*Defendants.*
-------------------------------------------------------X

Plaintiff Linda G Duran ("Plaintiff Duran" or "Ms. Duran"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against JIR Restaurant Corp. (d/b/a Barriles Restaurant & Sports Bar), ("Defendant Corporation"), Ivan Duque,  Raul Lopez,  Jorge Ivan Franco, Luz Diony Restrepo, and Natalia Duque, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Duran is a former employee of Defendants JIR Restaurant Corp. (d/b/a Barriles Restaurant & Sports Bar), Ivan Duque, Raul Lopez, Jorge Ivan Franco, Luz Diony Restrepo, and Natalia Duque.

2.      Defendants own, operate, or control a bar restaurant, located at 83-12A 37th Ave, Jackson Heights, NY 11372 under the name "Barriles Restaurant & Sports Bar".

3.      Upon information and belief, individual Defendants Ivan Duque, Raul Lopez, Jorge Ivan Franco, Luz Diony Restrepo, and Natalia Duque, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Duran was employed as a bartender at the restaurant located at 83-12A 37th Ave, Jackson Heights, NY 11372.

5.      Plaintiff Duran was ostensibly employed as a bartender. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to cleaning the bar area, cleaning up the bottles, tallying up all bills at the register, cutting lemons, oranges, apples, sugar cane, cleaning the bar before leaving to have everything ready for the following day, and on Tuesdays or Thursdays sweeping the entire restaurant for approximately 30 to 45 minutes (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Duran worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Duran appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Duran wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Duran as a bartender in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Duran at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Duran's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Duran's actual duties in payroll records by designating her as a bartender instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Duran at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Duran to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Duran now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commissioner of Labor, including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Duran seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Duran's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate the bar restaurant located in this district. Further, Plaintiff Duran was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Linda G Duran ("Plaintiff Duran" or "Ms. Duran") is an adult individual residing in Queens County, New York.

20.     Plaintiff Duran was employed by Defendants at Barriles Restaurant & Sports Bar from approximately April 2016 until on or about October 13, 2019.

21.     Plaintiff Duran consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants own, operate, or control a bar restaurant, located at 83-12A 37th Ave, Jackson Heights, NY 11372 under the name "Barriles Restaurant & Sports Bar".

23.      Upon information and belief, JIR Restaurant Corp. (d/b/a Barriles Restaurant & Sports Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 83-12A 37th Ave, Jackson Heights, NY 11372.

24.      Defendant Ivan Duque is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ivan Duque is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ivan Duque possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.      Defendant Raul Lopez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Raul Lopez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Raul Lopez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.      Defendant Jorge Ivan Franco is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge Ivan Franco is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jorge Ivan Franco possesses operational control over Defendant Corporation, an ownership interest

in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Luz Diony Restrepo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Luz Diony Restrepo is sued individually in her capacity as a manager of Defendant Corporation. Defendant Luz Diony Restrepo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Natalia Duque is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Natalia Duque is sued individually in her capacity as a manager of Defendant Corporation. Defendant Natalia Duque possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Duran, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

29.     Defendants operate a bar restaurant located in Queens, New York.

30.     Individual Defendants, Ivan Duque, Raul Lopez, Jorge Ivan Franco, Luz Diony Restrepo, and Natalia Duque, possess operational control over Defendant Corporation, possess

ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Duran's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Duran, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Duran (and all similarly situated employees) and are Plaintiff Duran's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Duran and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Ivan Duque, Raul Lopez, and Jorge Ivan Franco operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)   intermingling assets and debts of their own with Defendant Corporation,

g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Duran's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Duran, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Duran's services.

37.     From 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Duran is a former employee of Defendants who ostensibly was employed as bartender. However, she spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Duran seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

- 8 -

*Plaintiff Linda G Duran*

41.    Plaintiff Duran was employed by Defendants from approximately April 2016 until on or about October 13, 2019.

42.    Defendants ostensibly employed Plaintiff Duran as a bartender.

43.    However, Plaintiff Duran was also required to spend a significant portion of her work day performing the non-tipped duties described above.

44.    Although Plaintiff Duran ostensibly was employed as a bartender, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

45.    Plaintiff Duran regularly handled goods in interstate commerce, such as food and beverages and other supplies produced outside the State of New York.

46.    Plaintiff Duran's work duties required neither discretion nor independent judgment.

47.    Throughout her employment with Defendants, Plaintiff Duran regularly worked in excess of 40 hours per week.

48.    From approximately April 2016 until on or about April 30, 2019, Plaintiff Duran worked from approximately 4:00 p.m. until on or about 1:00 a.m., Tuesdays and Thursdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Fridays, from approximately 3:00pm until on or about 1:00 a.m., Sundays. Plaintiff Duran would also routinely work a fifth a week, from 2:00 p.m. to 10:00 p.m. or 4:00 p.m. to 1:00 a.m., (typically 46 to 47 hours per week).

49.    From approximately May 2019 until on or about October 13, 2019, Plaintiff Duran worked from approximately 4:00 p.m. until on or about 1:00 a.m., Tuesdays and Thursdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Fridays, and from approximately 3:00pm until on or about 1:00 a.m. on Sundays, (typically 38 hours per week).

50.    From April 2016 to May 13, 2019, Defendants paid Plaintiff Duran her wages in cash.

51.     From May 20, 2019 to October 13, 2019, Defendants paid Plaintiff Duran her wages by check.

52.     From approximately April 2016 until on or about December 31, 2017, Defendants paid Plaintiff Duran $7.50 per hour, but did not pay her for all the hours she worked.

53.     From approximately January 01, 2018 until on or about December 31, 2018, Defendants paid Plaintiff Duran $8.50 per hour, but did not pay her for all the hours she worked.

54.     From approximately January 01, 2019 until on or about October 13, 2019, Defendants paid Plaintiff Duran $10.00 per hour, but did not pay her for all the hours she worked.

55.     Plaintiff Duran's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

56.     For example, Defendants required Plaintiff Duran to work additional hours later than her scheduled departure time, specifically when the restaurant showed sporting events and in the months of June and July 2018 during the FIFA World Cup. Twice a year Defendants also required Plaintiff Duran and other employees to come in early in the morning for two hours a day to help clean the restaurant. However, Defendants did not pay her anything for this time worked.

57.     Defendants never granted Plaintiff Duran any breaks or meal periods of any kind.

58.     Nevertheless, Defendants deducted meals from Plaintiff Duran's weekly pay even though she did not take meal breaks, approximately $14 was deducted from her pay for every 3 days of work, all for meals she never ate.

59.     Plaintiff Duran was never notified by Defendants that her tips were being included as an offset for wages.

60.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Duran's wages.

61.     Prior to May 13, 2019 Plaintiff Duran was not required to keep track of her hours worked nor to her knowledge did Defendants keep any records of her hours worked. After May 13, 2019 Plaintiff Duran was required to keep track of her time on a block sheet, however, Defendants required her to write down fewer hours than she actually worked and then continue working later hours. Defendants would reprimand Plaintiff Duran if she wrote down the actual time her shift ended and as a result Plaintiff Duran was not compensated for all of the hours that she worked.

62.     On a number of occasions, Defendants required Plaintiff Duran to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

63.     On a number of occasions, Defendants also required Plaintiff Duran to sign documents, the contents of which she was not allowed to review in detail.

64.     In addition, in order to get paid, Plaintiff Duran was required to sign a document in which Defendants misrepresented the hours that she worked per week.

65.     Defendants took improper and illegal deductions from Plaintiff Duran's wages; specifically, if a plate was broken, a bottle dropped, or a wrong food or beverage order was given, she would have to pay full sales price for the item and it would be deducted from Plaintiff Duran's weekly pay.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Duran regarding overtime and wages under the FLSA and NYLL.

67.     Defendants did not provide Plaintiff Duran an accurate statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff Duran, in English and in Spanish (Plaintiff Duran's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants required Plaintiff Duran to purchase "tools of the trade" with her own funds—including black jeans, black shirt and black shoes.

*Defendants' General Employment Practices*

70.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Duran (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

71.     Plaintiff Duran was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

72.     Defendants' pay practices resulted in Plaintiff Duran not receiving payment for all her hours worked, and resulted in Plaintiff Duran's effective rate of pay falling below the required minimum wage rate.

73.     Defendants habitually required Plaintiff Duran to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

74.     Defendants required Plaintiff Duran and all other bartenders to perform general non-tipped tasks in addition to their primary duties as bartenders.

75.     Plaintiff Duran and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

76.     Plaintiff Duran's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

77.     Plaintiff Duran and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

78.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Duran's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

79.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

80.     In violation of federal and state law as codified above, Defendants classified Plaintiff Duran and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

81.     Defendants failed to inform Plaintiff Duran who received tips that Defendants intended to take a deduction against Plaintiff Duran's earned wages for tip income, as required by the NYLL before any deduction may be taken.

82.     Defendants failed to inform Plaintiff Duran who received tips, that her tips were being credited towards the payment of the minimum wage.

83.     Defendants failed to maintain a record of tips earned by Plaintiff Duran who worked as a bartender. Defendants' time keeping system did not reflect the actual hours that Plaintiff Duran worked.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.    On a number of occasions, Defendants required Plaintiff Duran to sign a document the contents of which she was not allowed to review in detail. Defendants required Plaintiff Duran to sign a document that reflected inaccurate or false hours worked.

86.    Defendants paid Plaintiff Duran her wages in cash from April 2016 until on or about May 13, 2019 and then paid her in check from May 20, 2019 until on or about October 13, 2019.

87.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Duran (and similarly situated individuals) worked, and to avoid paying Plaintiff Duran properly for her full hours worked.

89.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Duran and other similarly situated former workers.

91.    Defendants failed to provide Plaintiff Duran and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Duran and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiff Duran brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.     At all relevant times, Plaintiff Duran and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

95.     The claims of Plaintiff Duran stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

96.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants were Plaintiff Duran's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Duran (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.     Defendants failed to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

103.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Duran (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.     Defendants' failure to pay Plaintiff Duran (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiff Duran (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants were Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Duran, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

109.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Duran less than the minimum wage.

110.     Defendants' failure to pay Plaintiff Duran the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.     Plaintiff Duran was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

112.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

113.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Duran  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.     Defendants' failure to pay Plaintiff Duran overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.     Plaintiff Duran was damaged in an amount to be determined at trial.

## FITH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

116.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

117.     Defendants failed to provide Plaintiff Duran with a written notice, in English and in Spanish (Plaintiff Duran's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.     Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

119.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

120.     With each payment of wages, Defendants failed to provide Plaintiff Duran with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.     Defendants are liable to Plaintiff Duran in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

122.     Plaintiff Duran repeats and realleges all paragraphs above as though fully set forth herein.

123.     Defendants required Plaintiff Duran to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.     Plaintiff Duran was damaged in an amount to be determined at trial.

**EIGHT CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

125.    Plaintiff Duran repeats and realleges all paragraphs above as though set forth fully herein.

126.    At all relevant times, Defendants were Plaintiff Duran's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.    Defendants made unlawful deductions from Plaintiff Duran's wages; specifically, meals were deducted from her pay weekly even though she did not take a meal break, or if a plate was broken or a bottle dropped she would have to pay full sales price or if a customer did not like a drink it would all be deducted from her salary.

128.    The deductions made from Plaintiff Duran's wages were not authorized or required by law.

129.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Duran's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

130.    Plaintiff Duran was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

131.    Plaintiff Duran repeats and realleges all paragraphs above as though set forth fully herein.

132.     Defendants did not pay Plaintiff Duran on a regular weekly basis, in violation of NYLL §191.

133.     Defendants are liable to Plaintiff Duran in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Duran respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Duran and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Duran's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Duran and the FLSA Class members;

(f)     Awarding Plaintiff Duran and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Duran and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Duran;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Duran;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Duran's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Awarding Plaintiff Duran damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(m)      Awarding Plaintiff Duran damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Duran liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Duran and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Duran and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiff Duran demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

       April 07, 2020

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:        /s/ Michael Faillace
                                     Michael Faillace [MF-8436]
                                     60 East 42nd Street, Suite 4510
                                     New York, New York 10165
                                     Telephone: (212) 317-1200
                                     Facsimile: (212) 317-1620
                                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 25, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Linda Duran

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Linda G. Duran_

Date / Fecha:                     25 de octubre del 2019

_Certified as a minority-owned business in the State of New York_